# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **MARY CASTILLO** <br> 350 N. Town St. <br> Fostoria, Ohio 44830 | * <br><br> * | Case No. <br><br> Judge |
| Plaintiff, <br> v. | * <br><br> * | **COMPLAINT; JURY DEMAND** <br> **ENDORSED HEREON** |
| **NIPPON STEEL & SUMIKIN** <br> **CRANKSHAFT LLC dba SMI** <br> **CRANKSHAFT** <br> 1815 E. Sandusky St <br> Fostoria, Ohio 44830 <br><br><br> Defendant. | * <br><br> * <br><br> * <br><br> * <br><br> * | Francis J. Landry (0006072) <br> **WASSERMAN, BRYAN, LANDRY** <br> **& HONOLD** <br> 300 Inns of Court Building <br> 405 N. Huron Street <br> Toledo, Ohio 43604 <br> Telephone: (419) 243-1239 <br> Facsimile: (419) 243-2719 <br> Email: FLandry308@aol.com <br> Attorney for Plaintiff <br> Mary Castillo |

\* \* \* \* \* \* \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of the Family and Medical Leave Act, 29 U.S.C. Sections 2601 and 2615 and 2617. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of the Family and Medical Leave Act. Plaintiff also invokes the jurisdiction of this Court pursuant to 29 U.S.C. Sections 201 et seq., known as the Fair Labor Standards Act in order

to seek redress for unpaid overtime compensation. This Court's supplemental jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367 over State statutory claims for age and sex discrimination, and for wage and hour violations.

## PARTIES

2. Plaintiff, Mary Castillo, is a forty-nine (49) year old, female citizen of the United States and a resident of the City of Fostoria, and the County of Seneca, State of Ohio, who was employed by Defendant from June 27, 2011 until her termination on June 28, 2013. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act in that the Plaintiff was employed for more than twelve months and worked more than 1250 hours during the 12 months preceding the incident which gave rise to her termination. Additionally, at all times material hereto, Plaintiff was an employee of an employer within the meaning of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Chapter 4112 of the Ohio Revised Code in the Plaintiff was an employer of an entity with more than fifty (50) employees.

3. Plaintiff states that the Defendant is an employer within the meaning of the Family and Medical Leave Act. Defendant is a limited liability company duly organized under Ohio law with its headquarters and principal place of business in the City of Fostoria, County of Seneca, State of Ohio. Defendant at all times had more than fifty (50) employees and was also an employer within the meaning of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act and Ohio Revised Code Chapter 4112.

## NATURE OF THE CASE

4. Plaintiff brings this action for damages for an unlawful termination of her employment. Plaintiff alleges that in terminating her, the Defendant did so in violation of the Family and

Medical Leave Act. Plaintiff states that defendant also discriminated against her on the basis of her sex and age.

## FIRST CLAIM FOR RELIEF
### Family and Medical Leave Act– 29 U.S.C. Sections 2601 et seq.

5. Plaintiff incorporates each and every allegation contained in paragraph one (1) through four (4) by reference in its entirety as if fully restated herein.

6. Plaintiff states that she was employed as a "wash n pack" employee for the Defendant's location in Fostoria, Ohio, from June of 2011 until her termination on June 28, 2013. Plaintiff was at all times meeting her employer's legitimate expectations.

7. Plaintiff states that at all times material hereto Defendant employed more than fifty employees and is a covered employer under the Family and Medical Leave Act.

8. Plaintiff suffers from Lumbar Degenerative Disc Disease. Plaintiff states that she gave proper notification to her employer and her employer was otherwise aware of her condition. Plaintiff was off on FMLA leave, due to return to work on July 8, 2013.

9. On or about June 28, 2013 Plaintiff was terminated, allegedly on an indefinite layoff. Plaintiff states that the reason advanced by Defendant was false and pretextual, because she was able to fulfill all of the essential functions of her job, was on FMLA leave, and employees with lower seniority were still employed when Plaintiff was laid off. Plaintiff states that Defendant's action in terminating her employment constituted interference, discrimination and retaliation against Plaintiff because of her use of FMLA leave. Said conduct of Defendant is actionable pursuant to 29 U.S.C. Sections 2615 and 2617.

10. As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of her job position including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment.

By virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages. Plaintiff has also been forced to incur court costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### Ohio Revised Code Section 4112.02, Age Discrimination

11. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through ten (10) of this Complaint, supra, by reference in its entirety as if fully restated herein.

12. Plaintiff was in the age group protected by the Ohio Revised Code, Chapter 4112,. as she is forty-nine (49) years of age. At all times material hereto, Plaintiff was meeting or exceeding her employer's legitimate expectations as a "wash n pack" employee, and was qualified for her position. Plaintiff states that she was terminated on June 28, 2013, allegedly due to a layoff. However, Plaintiff states that the reason advanced for her termination was false and pretextual as Plaintiff performed her job well and was a highly skilled and highly rated employee. Furthermore, employees with less seniority than Plaintiff were retained in their positions, while Plaintiff was terminated.

13. Plaintiff states that her termination permitted the retention of significantly younger employees.

14. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of age in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

15. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## THIRD CLAIM FOR RELIEF
### Ohio Revised Code Section 4112.02, Sex Discrimination

16. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifteen (15) of this Complaint, supra, by reference in its entirety as if fully restated herein.

17. Plaintiff is female individual. Plaintiff states that she was employed as a "wash n pack" employee for the Defendant's location in Fostoria, Ohio, from June of 2011 until her termination on June 28, 2013. Plaintiff was at all times meeting her employer's legitimate expectations. On or about June 28, 2013 Plaintiff was terminated, allegedly on an indefinite layoff. Plaintiff states that the reason advanced by Defendant was false and pretextual, because she was able to fulfill all of the essential functions of her job, was on FMLA leave, and employees with lower seniority were still employed when Plaintiff was laid off.

18. Plaintiff states that similarly situated male employees were not laid off, despite having lower seniority/less experience. Furthermore, male employees were permitted time off, and were provided with more favourable schedules.

19. Plaintiff states that on June 28, 2013, Defendant terminated her employment because of her sex

20. In terminating Plaintiff's employment, Defendant has intentionally discriminated against her on the basis of her sex in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

21. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### Ohio Revised Code Section 4111.03

22. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-one (21) of this Complaint, supra, by reference in its entirety as if fully restated herein.

23. Plaintiff states that Defendant terminated her employment on June 28, 2013.

24. Plaintiff states that at the time of her termination, she was entitled to numerous hours of unpaid overtime. Specifically, hours which Plaintiff worked in excess of 40 hours per week were not paid at time and a half, but were instead, only paid at her normal hourly rate.

25. Plaintiff states that to the date of this Complaint, she has not received any "time and half" compensation for her overtime.

26. Plaintiff states that in not compensating Plaintiff for her overtime properly, Defendant has violated Ohio Revised Code Section 4111.03 to Plaintiff's damage. Plaintiff states that Defendant maintains gross annual sales in excess of $150,000.00 and is an employer within the meaning of Ohio Revised Code Section 4111.03. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### FIFTH CLAIM FOR RELIEF
### Fair Labor Standards Act, 29 U.S.C. Sections 201 et seq.

27. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-three (23) of this Complaint, supra, by reference in its entirety as if fully restated herein.

28. Plaintiff states that the Defendant terminated her employment on June 28, 2013.

29. Plaintiff states that at the time of her termination, she was entitled to numerous hours of unpaid overtime compensation. Specifically, hours which Plaintiff worked in excess of 40 yours per week were not paid at time and a half, but were instead, only paid at her normal hourly rate.

30. Plaintiff states that to the date of this Complaint, she has not received any "time and a half" compensation for her overtime hours worked.

31. Plaintiff states that the Defendant is an employer engaged in interstate commerce and an "enterprise" with gross annual sales in excess of $500,000.00 pursuant to 29 U.S.C. Section 203.

32. Plaintiff states that the Defendant has violated and/or willfully violated 29 U.S.C. Section 207 and is liable to Plaintiff for her unpaid overtime compensation, liquidated damages, her costs and attorneys fees pursuant to 29 U.S.C. Section 216.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to her position and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to her damages and her costs and attorneys fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Mary Castillo

### JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

s/Francis J. Landry

Francis J. Landry